**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GIORGI USHARAULI,

      Petitioner,

v.

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of the ICE El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security;

      Respondents.

Case No. 1:26-CV-02131-MIS-GBW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Giorgi Usharauli's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 1, 2026. The Court issued the applicable Order to Show Cause ("Order"), ECF No. 4, on July 14, 2026, in which Respondents were instructed they had 10 business days to Show Cause as to why Petitioner's request for relief should not be granted.

On July 28, 2026, the Federal Respondents, David Venturella, Mary De Anda-Ybarra, Markwayne Mullin, and Todd Blanche filed a Response ("Response"), ECF No. 6. Therein, counsel for Respondents argue that 8 U.S.C. §1225(b) should govern detention of individuals such

as Petitioner; however, Respondents concede that the Tenth Circuit recently reached the opposite conclusion in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026), and that ruling is binding on this Court. Resp. at 2. Further, Respondents also concede that the facts at issue in the instant case are "not materially distinguishable from" Santillan Quiroz, id., and acknowledge that immigration officials previously released Petitioner into the interior of the U.S. after they apprehended him in April of 2022. Id. at 1. Additionally, Respondents state that Petitioner had not received an immigration hearing date in nearly four years. Id.

Pursuant to Santillan Quiroz, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court, noting that Respondents previously released Petitioner into the interior of the U.S. in 2022 and failed to schedule an immigration hearing for him for nearly four years, further finds that Respondents have failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Accordingly, it is **HEREBY ORDERED** that:

1.    Petitioner Georgi Usharauli's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner from detention;

3.    Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a); and

2

4.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE